*88
 
 Nash, J.
 

 The case is before us upon the interlocutory order, authorising Ann Jones to have the demise in her name erased from the declaration. If it was a matter of discretion in the Court, we have no authority to interfere with its exercise ; our only business, on appeals, is with the legal errors committed or alleged to be committed. We, however, consider it a matter of right on the part of Mrs. Jones. If she had been the only lessor of the plaintiff, it cannot be questioned, she would have had the right to dismiss the action. We cannot perceive in what manner that right was taken from her, so far as the
 
 demise
 
 in her name was concerned, by its being joined in the declaration with one from Scott and wife. The demises are separate and distinct, and in no way dependent on each other. The motion here was similar in its character, to entering a
 
 nolle prosequi.
 
 Where a plaintiff perceives he cannot support his declaration in whole or in part he may enter a
 
 nol. pros
 
 , either to the whole or part of his cause of action.
 
 Tidd’s Pr.
 
 681. 1st
 
 Ch. on Pl.
 
 609.
 
 2nd Sellon’s Pr.
 
 458.
 
 Fray
 
 v.
 
 Fray,
 
 2
 
 Bl. R.
 
 815. In this ease Mrs. Jones did not, by withdrawing from
 
 the
 
 declaration the demise in her name, interfere with the action, as to any right the other lessors of the plaintiff had to prosecute it. We think there was no error in permitting the demise in the name of Mrs- Jones to be stricken from the declaration. .
 

 But we think the Court ought to have made an order on this party for the payment of her share of the costs, incurred on the part of the plaintiffs. She gave an express consent to a count in her name, and, although she cannot be prevented from discontinuing the action so far as it is hers, she is obliged, in common honesty, to pay the other lessors of the plaintiffs or their common attorney her aliquot part of all the costs.
 
 Jackson
 
 v.
 
 Stiles,
 
 5th Cowen 419, For this reason the
 
 judgment
 
 must be reversed, with directions to the Superior Court, to correct
 
 *89
 
 the order appealed from, in the matter here pointed out. If the plaintiff should ultimately succeed, she will be entitled to receive back the costs, so paid by her, out of those collected from the defendant.
 

 Per Curiam. Ordered accordingly.